# EXHIBIT 1

**TURKISH  EMBASSY**
WASHINGTON, D.C.

Z-2025/95505191/40479801 -

The Embassy of the Republic of Türkiye presents its compliments to the Department of Justice and has the honor to enclose herewith documents, transmitted by the Turkish Ministry of Justice on behalf of the 8th Family Court of İstanbul (No: 2020/408), seeking judicial assistance in the case involving "Semih Şen(American Express)."

The said court requests to receive the information mentioned in the attached letter rogatory. The Department of Justice is kindly requested to intercede with the appropriate U.S. Authorities in order to enable the provision of the aforementioned judicial assistance.

The Embassy of the Republic of Türkiye avails itself of this opportunity to renew to the Department of Justice of the United States of America the assurances of its highest consideration.



August 19, 2025

U.S. Department of Justice
Office of Foreign Litigation
Office of International Judicial Assistance
(Krysta M. Stanford)
1100 L Street, NW, Room 8102
Washington, D.C. 20530

SEP   2 2025

189-25-25-137



## LETTER OF REQUEST

**1. Name and address of the requesting authority:**
T.C. ISTANBUL 8th FAMILY COURT - Şişli Merkez Mah. Abide-i Hürriyet Cad. No:223 Şişli Istanbul, TURKIYE
File No: 2020/408 Main

**2. Name and address of the requested authority:**
COMPETENT JUDICIAL AUTHORITY OF AMERICA

**3. The names, nationalities, and addresses of the parties to the proceedings:**
PLAINTIFF: SEMİH ŞEN – with Turkish Republic ID number ████████ Turkish national, born on ████ /1973, residing
at Teşvikiye Mah. Şakayık Sokak No:14 D:18 Şişli/ISTANBUL.
DEFENDANT: FATMA DEMET KALENDER ŞEN – with Turkish Republic ID number ████████, Turkish national,
born on ████ 1969, residing at 30 RIVER STONE DRIVE, MORELAND HILLS, OH 44022, UNITED STATES OF
AMERICA.

**4.Where appropriate, the names and addresses of their representative:**
Plaintiff Semih ŞEN's representative: Lawyer GÜLŞEN ÜRER - Fener Kalamış Cad. No:45/5 Kadıköy, Istanbul
Defendant Fatma Demet KALENDER ŞEN's representative Lawyer Zeliha Tuyan ÇAĞLAR - Bağdat Caddesi No:418 B
Blok D:20 Suadiye, Kadıköy, ISTANBUL

**5.The nature and purpose of the proceedings for which the evidence is required, giving all necessary information in
regard thereto:**
In the petition filed by the attorney of the plaintiff Semih Şen, it is summarized that: The parties got married on November 7,
2000, from this marriage, they have three children named: Lila ŞEN, born on ████ 2004, Nis ŞEN, born on ████████
2006, and ████████ born on ████████ 2011, the first and second children of the parties were born in Boston, United
States of America, and the third child was born in Dubai, United Arab Emirates ("UAE"). The parties lived in Istanbul
between 2000 to 2006 during the first years of their marriage, that they moved to Dubai in September 2006 after receiving an
attractive job offer for the plaintiff, that the parties took this decision mutually because they wanted to provide a good future
for their children and  because the Plaintiff's wanted to provide a peaceful life away from work stress for the Defendant, who
had cancer in the early years of their marriage (2001) and therefore going through a debilitating period, that the financial
return of the job offer that came to Plaintiff was suitable for providing these opportunities, that after the Defendant overcame
these illnesses with the support of the plaintiff ,this time the Defendant's mother and sister also got cancer at separate periods,
and in order for the Plaintiff's wife not to be sad and worried, the Plaintiff also covered various medical and health expenses
(diagnosis, surgery and treatment) for his mother-in-law and sister-in-law, that the Plaintiff provided financial support to the
Defendant's sister and mother, including their living expenses and pocket money during the period they lived together in
Istanbul, that the Plaintiff, without rejecting the request of the Defendant, bought the Defendant's sister a Mini Cooper brand
vehicle worth more than 250,000 Turkish Lira in today's value, that the Plaintiff did everything in his power to keep his wife
with history of cancer away from any kind of stress, that the Plaintiff, upon the Defendant's request, bought a house in 2006
at Valideçeşme, Beşiktaş, Istanbul (Appendix-1) worth approximately 3,000,000 TL (Three Million Turkish Lira) in today's
value, that the plaintiff fulfilled all the obligations within the marriage union,

Judge 126036
SIGNATURE & STAMP
11/11/24

İşbu İngilizce tercüme Türkçe aslına
uygun olarak tarafımdan yapıldığını
beyan ederim.
Yeminli Tercüman
HİLAL İNCE

in addition to taking care of his own wife and children, Plaintiff did everything in his power financially and morally with the love and respect he felt for the Defendant so that the she would not be saddened and experience stress, and most importantly, would not experience any mischief caused by the her own mother, father and sister, despite all this, the Defendant was never satisfied with her life and marriage, the Defendant started to express her dissatisfaction within the marriage union since 2011, the parties learned that they were going to have a boy in early 2011 and the Defendant did not want this child and told the Plaintiff that she wanted to have an abortion, the Plaintiff felt devastated when the Defendant conveyed this request and said that if her concerns were for financial reasons, he could work more if necessary and would do his best to make her comfortable, despite this, the Defendant said that she wanted to abort the child, for this reason she had a quarrel with the Plaintiff and left Abu Dhabi and came to Istanbul for a while, the Plaintiff later came to Istanbul and wanted to talk to the Defendant, the Plaintiff stated that he would respect the Defendant's decision, but that he would always be with her if she decided to have the third child and that she should not feel stressed or anxious, the Defendant decided that she wanted to have the third child and the parties returned to the UAE together, however, these events were quite traumatic for the Plaintiff and it remained in his memory as an incident in which the Plaintiff saw clearly for the first time his unhappiness in the marriage, the Defendant's excessive alcohol consumption, which started after the third child, reached a level that disturbed the family peace, the Defendant got drunk almost every evening and started fights for the slightest excuses under the influence of being drunk, this situation turned into a routine in which the Defendant got drunk in the evenings and started fights, shouted and screamed, said that she hated the Plaintiff and would leave him the next day, and when she finally woke up in the morning, she apologized to the Plaintiff many times, despite all the material and moral efforts and sacrifices of the Plaintiff, the fact that the Defendant did not take any steps in return, did not make any effort to eliminate her alcoholism and was clearly unhappy and did not love the Plaintiff as she had expressed hundreds of times, the disagreement between the Defendant and the Plaintiff could not be resolved and the marriage union was shaken to its core due to the Defendant's complete fault, for these reasons, it is requested that the parties divorce with the complete fault being the Defendant's, a personal relationship to be established between the children in common and the Plaintiff, and a decision to be given for the loan that has been paid by the Plaintiff to be paid by the Defendant, material and moral compensation and an unsecured injunction to be placed on the real estates registered in the Defendant's name and the bank accounts to be determined by inquiring with banks in Turkey until the case is finalized and concluded.

The Defendant Fatma Demet's attorney stated in her response and counterclaim petition in summary: The parties got married on 11/17/2000, from this marriage, had 3 children named Lila born on ▮▮ 2004, Nis born on ▮▮ 2006, and ▮▮▮ born on ▮▮ 2011, both parties worked at Cleveland Clinic, the Plaintiff received a monthly salary of 45,000 USD, he committed adultery with his subordinate employee and his employment contract was terminated and his work permit was canceled due to his inappropriate behavior, the Plaintiff returned to Istanbul. My client has been living in Ohio, USA for over 2 years with her 3 children, the children have been going to school there, my client continues to work at Cleveland Clinic, since the Plaintiff left the house and started living in Istanbul, my client filed for divorce in August 2020 in Ohio, USA, the Plaintiff left my client and his 3 children to their own devices after leaving the house. While the Plaintiff's petition constantly claims that he has been providing to my client's family, my client's mother had sold her inherited property in Edirne and had bought an apartment flat under the Plaintiff's name at Devran Apartment in Etiler. The proceeds of this sale were given to the Plaintiff, but he has not mentioned this in his petition at all. Despite the Plaintiff's increasing high income and properties, he ignored his wife and three children in the USA, accusing my client with irrelevant and meaningless matters in his petitions. My client was diagnosed with breast cancer three times in 1997, 2001, and 2014, each time undergoing surgery and extensive post-operative treatments all covered by her work insurance since she was full time worker during these times. During these periods, my client's mother and sister also suffered serious illnesses, with her mother's medical expenses covered by the pension fund and her father's health insurance and sister's medical expenses were covered through her private health insurance. My client was an excellent wife and mother over the 20-year marriage, always supporting the family financially and emotionally, both had high income in line with their educational background and established three businesses together and maintained the family, where my client continuously supported her husband both financially and emotionally. Despite this, the Plaintiff did not fulfill his marital responsibilities, subjected my client to psychological, emotional, and physical abuse, had gambling and alcohol addictions, frequently left home, and finally, committed adultery with a 27y/o coworker, Julia Martha Joerger, born in 1993 and 20 years younger than him, leading to his abandonment of the family and dismissal from his job. The client's counterclaim asserts that despite having three children the Plaintiff's infidelity and resultant actions are the primary cause of the irretrievable breakdown of the marriage. It is a grave and severe fault that led to the deterioration of the marriage that he had an emotional and sexual relationship with a colleague at his and my client's workplace despite having three children. Their mutual children, Lila, who is 16 years old, Nis, who is 14 years old, and ▮▮▮,

Judge 126036
SIGNATURE & STAMP
11/11/24

İşbu İngilizce tercüme Türkçe aslına uygun olarak tarafımdan yapıldığını beyan ederim.
Yeminli Tercüman
HİLAL İNCE

who is 9 years old, are at an age where they can understand everything. The opposing party's betrayal of their mother, and the immorality of having a sexual relationship with another woman at his workplace, have left a deep emotional impact on the children. Furthermore, the opposing party's irresponsible behavior towards his wife and children, his gambling addiction, and his complete neglect of parental responsibilities, particularly over the last six months, during which he deliberately avoided seeing his children, prove that he is not a good and responsible father figure for the children, despite their growing needs. Therefore, it is requested that the opposing party's case be dismissed, my client's case be accepted, and that the parties be divorced, with the custody of the mutual children given to my client. Additionally, it is requested that interim alimony of 25,000 TL per month for my client and 15,000 TL per month for each mutual child, Lila Şen, Nis Şen, and ███████ be awarded and enforced from the date of filing, and that these interim alimonies continue as participation and poverty alimony with a yearly increase according to the inflation rate. Due to the opposing party's full and severe fault in the dissolution of the marriage, and since the benefits expected from the marriage have been damaged, it is requested that 2,000,000.00 TL be awarded as material compensation to my client. Furthermore, due to numerous and severe assaults on my client's personal rights, causing immense pain and trauma and deeply wounding her feminine pride, it is requested that 2,000,000.00 TL be awarded as moral compensation to my client.

**6. Date and place of hearing:**


**7. The nature of the letter of request:**
PLAINTIFF COUNTER-DEFENDANT SEMİH ŞEN's

**American Social Security number:** ███████ 9236

**Semih Sen's address given to American banks:** 30 Riverstone Drive, Moreland Hills, 44022,Ohio

**Date of Birth:** ███████ 1973

**American Express**

**Address 1:** po box 1270 Newark NJ,0711-1270 USA

**Address 2:** American Express SRU, 43 Butterfield Circle, El Paso TX 79906 USA

**Account last digit:** ██ 1009

**Account last digit:** ██ 2004

**Request for Evidence:** Request for the sending of statements and bank account transactions between September 2018 and September 4, 2020.

**8. The names, nationalities and addresses of the persons to be examined:**


**9. The questions to be put to the persons to be examined:** ..............................................
...........................................................................................................

**10. The documents or other property, real or personal, to be inspected:** ............................
...........................................................................................................

**11. Request for notification of the time and place for the execution of the request (Art 7):** ............
...........................................................................................................

Judge 126036
SIGNATURE & STAMP
11/11/24

İşbu İngilizce tercüme Türkçe aslına
uygun olarak tarafımdan yapıldığını
beyan ederim.
Yeminli Tercüman
HILAL İNCE

12. The other judicial acts to be executed: ....................................................................
........................................................................................................................................
........................................................................................................................................

13. Any requirement that the evidence
is to be given on oath or affirmation,
and any special form to be used: .............................................................................
........................................................................................................................................

14. Any special method or procedure to be followed: .............................................
........................................................................................................................................
........................................................................................................................................

15. Annexes:
........................................................................................
........................................................................................

Place: T.C. ISTANBUL 8th Family Court

Date:
Signature and or Stamp:
Judge İmge Işıklar Ülgen 126036
SIGNATURE & STAMP

İşbu İngilizce tercüme Türkçe aslına
uygun olarak tarafımdan yapıldığını
beyan ederim.
Yeminli Tercüman
HİLAL İNCE

EK:1

## İSTİNABE TALEPNAMESİ
*Letter of Request*

**1. Talep eden makamın adı ve adresi :**
*Name and address of the requesting authority :*
T.C. İSTANBUL 8. AİLE MAHKEMESİ – Şişli Merkez Mah. Abide-i Hürriyet Cad. No:223 Şişli İstanbul/TÜRKİYE
Dosya No: 2020/408 Esas

**2. Talep edilen makamın adı ve adresi:**
*Name and address of the requested authority :*
AMERİKA YETKİLİ ADLİ MAKAMINA
**3. Dava taraflarının isim, uyrukluk ve adresleri:**
*The names, nationalities and addresses of the parties*
*to the proceedings :*
DAVACI SEMİH ŞEN ▇▇▇▇ T.C. Kimlik numaralı, Türkiye uyruklu, ▇▇ 1973 doğumlu, Teşvikiye Mah. Şakayık Sokak No:14 D:18 Şişli/ İSTANBUL adresinde ikamet eder.
DAVALI FATMA DEMET KALENDER ŞEN ▇▇▇▇ T.C. Kimlik numaralı, Türkiye Uyruklu. ▇▇ 1969 doğumlu, 30 RIVER STONE DRIVE, MORELAND HILLS, OH 44022, AMERİKA BİRLEŞİK DEVLETLERİ adresinde ikamet eder.

**4. Eğer varsa yasal temsilcilerinin**
**isim ve adresleri :**
*Where appropriate the names and addresses*
*of their representative :*
Davacı Semih ŞEN vekili Av. GÜLŞEN ÜRER – Fener Kalamış Cad. No:45/5 Kadıköy İstanbul
Davalı Fatma Demet KALENDER ŞEN vekili Av. Zeliha Tuyan ÇAĞLAR - Bağdat Caddesi, No:418 B Blok D:20 Suadiye- Kadıköy İSTANBUL

**5. Talep konusu delilin sağlanmasını gerekli**
**kılan davanın niteliği, bu konuyla ilgili**
**verilmesi gerekli bütün bilgiler :**
*The nature and purpose of the proceedings*
*for which the evidence is required.*
*giving all necessary information in*
*regard thereto :*
*Davacı Semih Şen vekili tarafından açılan davanın dilekçesinde özetle: Tarafların 17 Kasım 2000 tarihinde evlendiklerini, bu evliliklerinden, ▇▇▇ 2004 doğumlu Lila ŞEN, ▇▇▇ 2006 doğumlu Nis ŞEN ve ▇▇ 2011 Doğumlu ▇▇▇ ŞEN isimli üç çocuklarının bulunduğunu, tarafların ilk ve ikinci çocukları Boston, Amerika Birleşik Devletleri'nde, üçüncü çocukları ise Dubai, Birleşik Arap Emirlikleri ("BAE")'nde dünyaya geldiklerini, Tarafların evliliklerinin ilk yılları olan 2000-2006 yıllarında İstanbul'da yaşadıklarını. sonrasında Davacı'ya gelen cazip iş teklifi ile Eylül 2006 yılında Dubai'ye taşındıklarını, tarafların bu kararı almalarında, hem çocuklarına iyi bir gelecek sağlama düşüncesi, hem de Davacı'nın, evliliklerinin ilk yıllarında (2001) kanser olan ve dolayısıyla çok yıpratıcı bir dönemden geçen Davalı'ya çalışma stresinden uzak, sakin bir yaşam sağlama isteği önemli birer etken olduğunu, bu müşterek kararın alınmasında, Davacı'ya gelen iş teklifinin mali getirisinin bu imkanları sağlamaya elverişli olmasının da önem arz ettiğini, davalı'nın davacı'nın da desteği ile atlattığı bu hastalıklardan sonra bu sefer Davalı'nın annesi ile kız kardeşi de ayrı ayrı dönemlerde kanser olmuşlar ve Davacının Davalı eşinin üzülmemesi ve kaygılanmaması için, kayınvalidesi ile baldızının da çeşitli hastane ve sağlık giderlerini (teşhis, ameliyat ve tedavi) karşıladığını, Davacının, Davalı'nın kız kardeşinin ve annesinin İstanbul'da birlikte yaşadıkları dönemde yaşam giderlerine, kız kardeşinin cep harçlığına kadar maddi destekte bulunduğunu,. Davalı'nın ricasını kırmayarak, Davalı'nın kız kardeşine bugün değeri 250.000-TL'den fazla olan Mini Cooper marka bir araç satın aldığını, Davacının, kanser geçmişi olan eşini, her türlü stresten uzak tutmak amacıyla elinden gelen her şeyi yaptığını, Davacının, Davalı'nın talebi üzerine, 2006 yılında Valideçeşme. Beşiktaş İstanbul'da (EK-1) bugünkü değeri yaklaşık 3.000.000-TL (Üç Milyon Türk Lirası) değerinde bir ev satın aldığını. davacının evlilik birliği içerisinde üzerine düşen*

*yükümlülüklerin tamamını yerine getirdiğini, kendi eşine ve çocuklarına bakmanın yanı sıra davalı'ya duyduğu sevgi ve saygı ile davalının üzülmemesi, stres yaşamaması ve en önemlisi davalının kendi anne-baba-kız kardeşinden kaynaklı huzursuzluk yaşamaması adına, maddi ve manevi olarak elinden gelen her şeyi yaptığını, tüm bunlara rağmen, davalının hiçbir zaman yaşantısından ve evliliğinden memnun olmadığını, davalının evlilik birliği içerisindeki memnuniyetsizliğini 2011 yılından itibaren dile getirmeye başladığını, tarafların 2011 yılı başlarında bir erkek çocuğu sahibi olacaklarını öğrendiklerini ve davalının bu çocuğu istemediğini ve kürtaj yaptıracağını davacıya söylediğini, davalının bu isteğini iletirken davacının, davalının kendisini sevmediği hissine kapılarak büyük bir yıkım yaşamış ve eğer kaygıları maddi nedenlerden ise kendisinin gerekirse daha fazla çalışabileceğini, onu rahat ettirmek için elinden geleni yapacağını söylediğini, buna rağmen davalının çocuğu aldırmak istediğini söylediğini, bu nedenle davacı ile kavga ettiğini ve Abu Dhabi'yi terk ederek bir süreliğine İstanbul'a geldiğini, davacının daha sonra kendisi İstanbul'a gelerek davalı ile konuşmak istediğini, davalı'nın kararına saygı duyacağını ancak üçüncü çocuğu dünyaya getirmeye karar vermesi halinde her zaman yanında olacağını, stres ve kaygı duymamasını ifade ettiğini, davalının üçüncü çocuğu dünyaya getirmek istediğine karar verdiğini ve tarafların birlikte BAE'ye döndüğünü, ancak, bu yaşananların davacı için oldukça sarsıcı olduğunu ve davalı'nın evlilikten olan mutsuzluğunu ilk kez açıkça gördüğü bir olay olarak hafızasında yer ettiğini, davalı'nın üçüncü çocuktan sonra başlayan aşırı alkol tüketimi, aile huzurunu bozan bir seviyeye geldiğini, davalının neredeyse her akşam, alkol tüketerek sarhoş olduğunu ve sarhoş olmanın verdiği etki ile en ufak bahanelerden kavga çıkardığını, bu durumun davalı'nın akşamları sarhoş olup kavga çıkarttığı, bağırıp çağırdığı, Davacı'dan nefret ettiğini ve onu ertesi gün terk edeceğini söylediği, nihayet sabah olup ayıldığında da davacı'dan defalarca özürler dilediği bir rutine dönüştüğünü, davacı tarafın maddi ve manevi tüm gayretlerine, emeklerine, alttan almalarına rağmen karşılığında davalı'nın hiçbir adım atmadığı, alkol rahatsızlığını ortadan kaldırmak için hiçbir gayret sarf etmemesi ve yüzlerce kez dile getirdiği üzere açıkça mutsuz olması ve Davacı'yı sevmemesi nedenleriyle, davalı ile davacı arasında yaşanan geçimsizlik giderilemediğini ve evlilik birliğinin davalının tam kusuru ile temelinden sarsıldığını, bu nedenle, tarafların tam kusur davalı'da olmak üzere boşanmalarına, müşterek çocuklar ile davacı arasında kişisel ilişki kurulmasına, davacı tarafından ödenen kredinin davalı tarafından ödenmesine karar verilmesini, maddi ve manevi tazminat ve davalı adına kayıtlı taşınmazlar ile Türkiye'deki bankalara sorularak tespit edilecek banka hesaplarına dava kesinleşerek sonuçlanana kadar teminatsız tedbir konulmasını dava ve talep etmiştir*

*Davalı Fatma Demet vekili cevap ve karşı dava dilekçesinde özetle: Tarafların 17.11.2000 tarihinde evlendiklerini, bu evliliklerinden* ▮ *2004 doğumlu Lila,* ▮ *2006 doğumlu Nis ve* ▮ *2011 doğumlu* ▮ ▮ *adında 3 çocukları bulunduğunu, tarafların ikisi de Cleveland Clinic'te çalışmış olduklarını., davacının aylık 45.000.USD dolar maaş aldığını, işinden kendisine bağlı çalışanıyla zina yaptığı ve uygunsuz davranışları sebebi ile iş akdinin feshedildiğini ve çalışma izni iptal edildiğini, davacının İstanbul'a döndüğünü, müvekkilinin halen 3 çocuğu ile 2 yıla aşkın süredir ABD'de Ohio eyaletinde yaşadığını, çocukların burada okula gittiğini, müvekkilinin Cleveland Clinic'teki işine devam ettiğini, davalının evi terk edip gitmesi ve İstanbul'da yaşamaya başlamasından sonra müvekkilinin Ağustos 2020 tarihinde, ABD Ohio eyaletinde boşanma davası açtığını, davacının evi terk ettikten sonra müvekkili ve 3 çocuğunu kendi hallerine terk ettiğini, aylardır eşinin ve çocuklarının dava dilekçesinde sürekli müvekkilinin ailesini geçindirdiğini iddia ettiğini, oysa müvekkilinin annesinin kendisine miras kalan Edirne'deki gayrimenkulünü satarak elde ettiği parayla davacı damadı adına Etiler'de Devran Apartmanında daire aldığını bu dairenin satışından elde edilen kârın davacıya verildiğinden hiç bahsetmediğini, yüksek gelir ve mal sahibi olan davacının iyice zenginleştiğini ancak Amerika'da bir karısı ve 3 çocuğu olduğunu tamamen unutup, incir çekirdeğini doldurmayan olaylarla müvekkilini suçlama gayretine girdiğini, müvekkiline 1997, 2001 ve 2014 yıllarında 3 kez göğüs kanseri teşhisi konulduğunu, her seferinde ameliyat olduğunu ve sonrasında ağır tedavi ve ilaç süreci geçirdiğini, 3 dönemde de çalıştığı için, ameliyat, tedavi giderlerinin işyerlerinin iş sigortaları tarafından karşılandığını, müvekkilinin annesi ve kız kardeşi de bu esnada ağır hastalıklar geçirdiklerini, annesinin sağlık masrafları emekli sandığı ve müvekkilinin babası tarafından, kız kardeşinin tedavi masrafları özel sağlık sigortası tarafından karşılandığını, müvekkilinin 20 yıllık evlilik süresince fevkalade bir eş ve çok iyi bir anne olduğunu, tarafların her zaman iyi eğitim düzeylerine uygun olan üst düzey işlerde dolar maaş alarak çalıştıklarını, ayrıca birlikte kurdukları 3 şirket ile evin geçimini temin ettiklerini, müvekkilinin eşine hem maddi hem manevi destek olduğunu, buna karşılık davacının eşlik görevlerini yerine getirmediğini, müvekkiline karşı sadakatsiz davranışlar sergilediğini, müvekkiline psikolojik, duygusal, cinsel şiddet uyguladığını, kumara ve içkiye düşkünlüğü de dahil olmak üzere sık sık evi terk ederek müvekkilini ve çocuklarını yalnız bıraktığını ve en sonunda evlilik birliğinin onarılmaz hale gelmesine sebep olduğunu, en sonunda 27 yaşındaki hem kendisinin hem de müvekkilinin çalışıyor olduğu aynı işyerindeki çalışanı 1993 doğumlu Julia Martha Ioerger isimli kendinden 20 yaş küçük bir kadınla zina yaptığını ve sonrasında işyerinden atılıp evi terk ettiğini, karşı tarafın zinası nedeniyle işbu davanın açılması zarureti hasıl olduğunu, evliliğin bu hale gelmesinde ve 3 çocuklarına rağmen ailenin parçalanmasında kendinden 20 yaş küçük, eşiyle çalıştığı işyerindeki iş arkadaşı ile duygusal ve cinsel ilişki kuran karşı tarafın tam ve ağır kusurlu olduğunu, müşterek çocuklardan Lila'nın 16 yaşında olduğunu, Nis 14 yaşında* ▮

*9 yaşında ve her şeyi idrak edecek yaşlarda olduklarını, karşı tarafın bu çocukları, annelerini aldatması gerçeği ile sorumsuzca karşı karşıya bıraktığını, karşı tarafın işyerindeki bir kadınla cinsel ilişki yaşaması, ahlaken çok kötü yaşam biçimi, eşine ve çocuklarına yönelik sorumsuz davranışları düşünüldüğünde, kumar bağımlılığı bulunan, ebeveyn sorumluluğundan son derece uzak , özellikle son 6 aydır bilerek ve istiyerek çocuklarını görmeyen karşı tarafın, büyüme çağındaki çocukları için de iyi, sorumlu bir baba figürü olmadığının açık olduğunu, bu nedenlerle karşı tarafın davasının reddine, kendi davasının kabulü ile tarafların boşanmalarına, tarafların müşterek çocuklarının velayetlerinin müvekkiline verilmesine, müvekkili lehine aylık 25.000 TL tedbir nafakasına ve müşterek çocuk LİLA ŞEN için aylık 15.000.TL. NİS ŞEN için aylık 15.000.TL.* ▮▮▮▮ *ŞEN için aylık 15.000.TL TEDBİR NAFAKASININ dava tarihinden itibaren dosya üzerinden hükmedilmesine ve işbu tedbir nafakalarının davanın kesinleşmesinden sonra iştirak ve yoksulluk olarak her yıl ÜFE oranında artırılarak devamına, evlilik birliğinin tam ve kusurlu karşı tarafın kusuruyla sona ermesi nedeniyle, mevcut ve evlilikten beklenen menfaatleri haleldar olduğundan, müvekkili lehine 2.000.000,00 TL maddi tazminata hükmedilmesine, müvekkilinin kişilik haklarına yönelik birden çok ve ağır saldırıları karşısında yıllarını verdiği evliliği, yuvası bir anda yıkıldığı için tarifi imkansız derecede büyük bir acı ve travma yaşayan, kadınlık gururu fevkalade incinen, kişilik hakları ağır biçimde saldırıya uğrayan müvekkili lehine 2.000.000,00 TL manevi tazminata hükmedilmesine karar verilmesini dava ve talep etmiştir.,*

**6. Duruşmanın yeri ve tarihi :**
*Date and place of hearing :*

**7. İstinabe talebinin niteliği :**
*The nature of the letter of request : :*
Semih Sen Amerika - Sosyal Guvenlik Numarasi :SSN (Social Security Number) ▮▮▮▮ 9236
Semih Sen Amerikadaki bankalara verdigi adres : 30 Riverstone Drive Moreland Hills 44022 Ohio Doğum tarihi: ▮▮▮▮ 1973

--American Express:

Adres1: po box 1270 Newark NJ,0711-1270 USA Adres 2: American Express

SRU, 43 Butterfield Circle , El Paso TX 79906 USA

Hesap son hane: ▮ 1009

Hesap son hane: ▮ 2004

Delil Talebi: Eylül 2018- 04/09/2020 tarihleri arasındaki ekstre ve banka hesap hareketlerinin gönderilmesi talebidir.

**8. İfadesine başvurulacak kişilerin isim, uyrukluk ve adresleri :**
*The names, nationalities and addresses of the persons to be examined :*

**9. İfadesine başvurulacak kişilere yöneltilecek sorular :**
*The questions to be put to the persons to be examined :.. ................................................................................................................*
*...........................................................................................................................................................................*

**10. İncelenmesi istenen belgeler, taşınmaz veya kişisel diğer mal varlığı :**
*The documents or other property, real or personal, to be inspected :................................................................................*
*...........................................................................................................................................................................*

**11. İstinabe işleminde ilgililerin hazır bulunmasını sağlamak üzere istinabenin tarihi ve yeri**

3/

**konusunda bilgi istenip istenmediği:**
*Request for notification of the time and place for*
*the execution of the request (Art 7):* ...........................................................................................

**12. Yerine getirilmesi istenen diğer adli işlemler :**
*The other judicial acts to be executed :*..................................................................................................
.................................................................................................................................................................
.................................................................................................................................................................

**13. İfadenin yeminle veya onaylanmak**
**suretiyle alınması ve kullanılacak**
**herhangi bir özel usule ilişkin talep :**
*Any requirement that the evidence*
*is to be given on oath or affirmation,*
*and any special form to be used :*...........................................................................................................
.................................................................................................................................................................
.................................................................................................................................................................

**14. Herhangi bir özel yöntem  veya usul :**
*Any special method or procedure to be*
*followed:*...................................................................................................................................................
.................................................................................................................................................................

**15. Ekler:**
*Annexes:*

........................................

........................................

**Yer adı :** T.C. İSTANBUL 8. AİLE MAHKEMESİ
*Place :*

**Tarih :**
*Date :*

**İmza ve/veya mühür**
*Signature and/or Stamp*
*Hakim İmge IŞIKLAR ÜLGEN 126036*