# EXHIBIT 2

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

IN RE: REQUEST FOR JUDICIAL
ASSISTANCE FROM THE 8TH
FAMILY COURT OF ISTANBUL IN
ISTANBUL, TÜRKIYE IN THE
MATTER OF SEMIH ŞEN V. FATMA
DEMET KALENDER ŞEN

Case No. _____

_____ /

## COMMISSIONER'S SUBPOENA

To:   American Express
Subpoena Response Unit
43 Butterfield Circle
El Paso, TX 79906

I, Krysta M. Stanford, a Trial Attorney for the U.S. Department of Justice, Civil Division,
Office of Foreign Litigation, Office of International Judicial Assistance, acting under the
authority of Title 28, United States Code, Section 1782, for the purpose of rendering judicial
assistance to Türkiye, command that you provide to me evidence for use in a civil lawsuit in the
8th Family Court of Istanbul in Istanbul, Türkiye in *Semih Şen v. Fatma Demet Kalender Şen*,
Foreign Reference Number 2020/408, said evidence being:

- Bank account statements and transactions for all accounts belonging to Semih Şen
  between the dates for September 2018 and September 4, 2020.
    - SSN:   ███-██-9236
    - DOB:   ████ ██ 1973
    - Address:   30 Riverstone Drive, Moreland Hills, OH 44022
    - Account Numbers: 

If you cannot produce a requested document (including, *inter alia*, because the document
has been lost or destroyed), please provide the facts you rely upon in support of your contention
that you cannot do so. To the extent a document is not produced because of an assertion of

privilege, please state the specific privilege relied upon. If you object to producing only part of a requested document, please produce that portion of the document you do not object to producing and indicate what portion you have withheld based on an assertion of privilege.

Please produce the requested documents by email to me at Krysta.M.Stanford@usdoj.gov or by mail at the address set forth below no later than _____ (date).

**Krysta M. Stanford**
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Foreign Litigation
Office of International Judicial Assistance
1100 L Street, NW, Room 8024
Washington, D.C. 20530

Please note that if you anticipate any charges for these records, please contact me prior to mailing so that we can confirm the charges and the availability of funds. *See* Exception to the Right to Financial Privacy Act for International Judicial Assistance Requests Memorandum (enclosed).

For failure to provide said evidence, you may be deemed guilty of contempt and liable to penalties under the law. The recipient of the attached subpoena may, for good cause shown, oppose the giving of evidence, or the circumstances thereof, by motion timely filed with the Court.

Dated this _____ day of _____ 2025

KRYSTA M. STANFORD, Commissioner
Trial Attorney
United States Department of Justice, Civil Division
Office of Foreign Litigation
Office of International Judicial Assistance
1100 L Street NW, Room 8024
Washington, DC 20530
Telephone: 202-353-2148
Email: Krysta.M.Stanford@usdoj.gov

- 2 -



JEDavidson:kvo:kms

**U.S. Department of Justice**
Civil Division
Office of International Judicial Assistance

_____

*U.S. Central Authority*
*Benjamin Franklin Station*
*P.O. Box 14360*
*Washington, DC 20044*
*+1 (202) 514-6700*
*OIJA@usdoj.gov*

**Re:    Exception to the Right to Financial Privacy Act for International Judicial Assistance Requests**

Dear Records Department:

The Right to Financial Privacy Act (RFPA) does not prevent the execution of international judicial assistance requests for bank records in civil and commercial matters as **the exception outlined in 12 U.S.C. § 3413(d) applies** to such requests. The exception provides in relevant part:

> (d) Disclosure pursuant to Federal statute or rule promulgated thereunder:
> Nothing in this chapter shall authorize the withholding of financial records or information *required to be reported in accordance with any Federal statute* or rule promulgated thereunder. 12 U.S.C. § 3413(d) (emphasis added).

The statute which requires the production of these records is 28 U.S.C. § 1782(a). The statute allows district courts to compel the production of evidence from domestic persons or entities in support of foreign litigation. The order may be made pursuant to a request from a foreign or international tribunal and may direct that the documents be produced before a person appointed by the court (such as an Assistant United States Attorney or Department of Justice Attorney).

**Courts have adjudicated that international judicial assistance requests made pursuant to § 1782 fall under the exception provided in § 3413(d) because "... § 1782 is a federal statute which required that [the bank] disclose the requested financial information."** *Young v. Chemical Bank, N.A.*, 1988 WL 130929, at *5 (S.D.N.Y. 1988). *See also Young v. U.S. Dept. of Justice*, 882 F.2d 633, 639 (2d Cir. 1989); *In re Letter of Request for Judicial Assistance from the Tribunal Civil de Port-Au-Prince, Republic of Haiti*, 669 F. Supp. 403, 407 (S.D. Fla. 1987), *In re Letters of Request from the Supreme Court of Hong Kong*, 821 F. Supp. 204, 211 (S.D.N.Y. 1993).

As the enclosed Commissioner's Subpoena was issued pursuant to § 1782, and Courts have held that requests made pursuant to § 1782 fall under the RFPA exception in § 3413(d), the RFPA does not prevent the execution of this request. Additionally, as the RFPA does not apply, banks cannot rely on the RFPA reimbursement provision as a basis for payment by the United States to a custodian who produces records in response to a foreign request. *See also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 358 (1978) (citing to Fed. R. Civ. Pro. 26 (c)) (holding "responding party must bear the expense of complying with discovery requests," though the responding party may ask the court to exercise discretion to find requests unduly burdensome) (superseded on other grounds with 2015 amendments to the Federal Rules of Civil Procedure).